UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>            Plaintiff,<br><br>     v.<br><br>DR. G. UGWUEZE, et al.,<br><br>            Defendants. | Case No.: 1:20-cv-00596-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br>(ECF No. 49) |

Plaintiff Daronta T. Lewis is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request for entry of default, filed December 9, 2020.

**I.**

**DISCUSSION**

Plaintiff contends he is entitled to default judgment because Defendants have failed to timely respond to the complaint. Plaintiff's motion must be denied.

Plaintiff's motion is deficient both procedurally and substantively. Procedurally, obtaining a default judgment requires adherence to a two-step process. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). A party seeking a default judgment must first receive an entry of default from the clerk of court. Id. (citing Fed. R. Civ. P. 55(a)). Second, the party must move the court for default judgment

pursuant to Rule 55(b). Id.; Lack v. Rustick, No. CV 06-2204-PHX-MHM, 2008 WL 268712, at *1 (D. Ariz. Jan. 28, 2008).  Here, there is no evidence that plaintiff has ever sought or obtained an entry of default from the Clerk of Court. There is therefore no basis upon which to grant plaintiff's motion for default judgment.

In addition to not complying with the requirements of Rule 55, Plaintiff's motion for a default judgment lacks merit.   Plaintiff is only entitled to a default judgment if Defendant failed "to plead or otherwise defend." Fed. R. Civ. P. 55.  Here, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6), thereby defending himself for purposes of Rule 55. (ECF No. 43.)  Moreover, contrary to Plaintiff's argument, an examination of the docket reveals that Defendant's motion to dismiss was timely filed. (See ECF No. 29) (CDCR notice of intent to waiver filed on September 21, 2020, prompting the 60-day deadline to file an answer or motion to dismiss, i.e. November 20, 2020).  The fact that Defendant has not filed an answer in this action does not entitle Plaintiff to entry of default. Under Rule 55, default may be entered if a defendant "fails to plead *or otherwise defend.*" Fed. R. Civ. P. 55 (emphasis added). The filing of the motion to dismiss is evidence that Defendant has defended in this action, precluding entry of default under Rule 55. Therefore, Plaintiff's motion for default judgment should be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for default judgment be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

///

///

///

///

Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **December 10, 2020**

UNITED STATES MAGISTRATE JUDGE