UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. G. UGWUEZE, et al.,<br><br>        Defendants. | Case No.: 1:20-cv-00596-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR ACCESS TO HIS LEGALPROPERTY BE DENIED<br><br>(ECF No. 53)<br><br>ORDER GRANTING PLAINTIFF THIRTY DAYS TO FILE AN OPPOSITION |

      Plaintiff Daronta T. Lewis is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      Currently before the Court is Plaintiff's motion for access to legal property, filed January 21, 2021. The Court construes Plaintiff's motion as a request for a preliminary injunction.

## I.

## LEGAL STANDARD

      The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely

1

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).

///
///
///
///

## II.

## DISCUSSION

Plaintiff seeks a court order "for specific legal property" pertaining to this case in order to meet the pending deadline. The Court lacks jurisdiction to provide Plaintiff with the order he seeks because the order would not remedy any of the claims against Defendant Dr. Kokor. This case is proceeding on Plaintiff's claim that Defendant Dr. Kokor was deliberately indifference to his medical needs and retaliated against him. However, Plaintiff is requesting a court order directing the United States Marshals Service to pick up and delivery his legal property. Such an order would not remedy any of the claims in this case, therefore, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied. Further, Plaintiff has failed to show he will suffer irreparable harm if he is not granted injunctive relief. To prevail on a claim regarding denial of access to the courts, it is not enough for an inmate to show some sort of denial. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." Lewis v. Casey, 518 U.S. 343, 348 (1996). Plaintiff has not shown that without an injunction he will miss a deadline or have this action dismissed. Thus, plaintiff has failed to show that in the absence of preliminary relief he will imminently suffer irreparable harm on the merits of the instant litigation. See Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984) (A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action.).

Plaintiff has not shown he is entitled to injunctive relief. However, because it appears that he has had limited access to materials he may need to oppose Defendants' motion to dismiss, the Court will grant Plaintiff an additional thirty (30) days from the date of service of this order to file an opposition.

## III.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff is granted thirty (30) days from the date of service of this order to file an opposition.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion or a preliminary injunction be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 22, 2021**

UNITED STATES MAGISTRATE JUDGE