UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. G. UGWUEZE, et al.,<br><br>　　　　　Defendants. | Case No.: 1:20-cv-00596-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED<br><br>(ECF No. 43)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUBMIT EVIDENCE IN SUPPORT OF HIS CLAIMS<br><br>(ECF No. 54) |

Plaintiff Daronta T. Lewis is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant Dr. Kokor's motion to dismiss, filed November 20, 2020.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendant Dr. Kokor for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment.

///

1

On November 20, 2020, Defendant filed the instant motion to dismiss. (ECF No. 43.)

On January 22, 2021, Plaintiff filed a motion to submit evidence in support of his allegations.[1] (ECF No. 54.)

On February 1, 2021, Plaintiff filed opposition to Defendant's motion to dismiss.[2] (ECF Nos. 57, 58.) Defendant did not file a reply and the time to do has passed. Local Rule 230(l).

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

///

---

[1] The Court cannot decipher the nature or purpose of Plaintiff's motion to submit. However, to the extent, Plaintiff seeks to introduce evidence for purpose of judicial notice to prove his claims, Plaintiff is advised that "[c]ourts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)). "Facts are indisputable, and thus subject to judicial notice, only if they either 'generally known'...or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned[.]" Id. at 909. Plaintiff has not shown that any the documents are subject to judicial notice and the Court does not serve as a repository for evidence. Accordingly, Plaintiff's motion shall be denied.

[2] A verbatim copy of the opposition was filed again on February 4, 2021. (ECF No. 58.)

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply.  First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief.  Starr, 652 F.3d at 1216.  "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988)).

## III.
## DISCUSSION

Defendant Dr. Kokor moves to dismiss an alleged medical claim under the Americans with Disabilities Act (ADA).  However, in screening Plaintiff's complaint, the Court specifically found that Plaintiff failed to state a cognizable claim under the ADA, finding stating Plaintiff "failed to allege that he was denied access to a governmental benefit because of that disability.  Rather, Plaintiff contends he was not provided adequate medical devices and/or treatment by Doctor Kokor in retaliation for filing prior grievances and complaints."  (ECF No. 17 at 6.)  The Court's July 29, 2020, screening order granted Plaintiff the opportunity to amend the complaint or notify the Court of his intent to proceed only on the retaliation and deliberate indifference claims against Defendant Dr. Kokor.  (Id. at 10.)

On August 14, 2020, Plaintiff filed a notice of intent to proceed only on the retaliation and deliberate indifference claims against Defendant Dr. Kokor and dismiss all other claims and Defendants.  (ECF No. 18.)  Therefore, on August 18, 2020, the undersigned issued Findings and Recommendations recommending that this action proceed against Defendant Dr. Kokor on Plaintiff's retaliation claim under the First Amendment and deliberate indifference claim under the Eighth Amendment, and that all other claims (including any ADA claim) and Defendants be dismissed from the action for failure to state a cognizable claim.  (ECF No. 21.)  The Findings and Recommendations

3

were adopted in full on September 17, 2020, any ADA claim was dismissed for failure to state a cognizable claim for relief, and the case was ordered to proceed only on Plaintiff's retaliation and deliberate indifference claims against Defendant Dr. Kokor  (ECF No. 24.)  Accordingly, the instant motion to dismiss Plaintiff's ADA claim should be denied as moot and unnecessary.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to submit evidence (ECF No. 54) is denied.

Further, it is HEREBY RECOMMENDED that Defendant's motion to dismiss (ECF No. 43) Plaintiff's ADA claim be denied as moot and unnecessary.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 25, 2021**

UNITED STATES MAGISTRATE JUDGE