# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTE T. LEWIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. KOKOR,<br><br>　　　　Defendant. | Case No.: 1:20-cv-00596-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 81) |

　　　　Plaintiff Daronta T. Lewis is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for appointment of counsel filed on June 17, 2021. (ECF No. 81.) Plaintiff proffers that since May 31, 2021, he has been hospitalized due to right hand trauma and cannot write. Plaintiff states he does not know the extent of the injury nor how long he will be unable to write, and is requesting the appointment of counsel to assist with completing discovery.

　　　　The Court notes that Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1).

1

Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on Plaintiff. Id.

In light of the reasons proffered, the claims underlying this action, and the current scheduling order in this action, the Court does not find exceptional circumstances requiring appointment of counsel. Specifically, the current deadlines in this action are: (1) an exhaustion motion filing deadline of August 24, 2021; (2) a deadline to amend pleadings of November 24, 2021; (3) a discovery deadline of January 24, 2022; and (4) a dispositive motion filing deadline of April 4, 2022. (ECF No. 76.) Given Plaintiff has no knowledge of the extent of his injury or how long it will last, and the current deadlines, the Court finds a more appropriate remedy would be a reasonable extension of any relevant deadline, if the need presents itself in the future.

Accordingly, Plaintiff motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **June 21, 2021**

UNITED STATES MAGISTRATE JUDGE