UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>   Plaintiff,<br><br>   v.<br><br>DR. G. UGWUEZE, et al.,<br><br>   Defendants. | Case No.: 1:20-cv-00596-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF APPOINTMENT OF COUNSEL<br><br>(ECF No. 94) |

Plaintiff Daronta T. Lewis is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration of the Court's July 2, 2021 order denying his fifth request for appointment of counsel, filed July 23, 2021.

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). Further, " '[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation…'" of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.

1

Cal. 2001) (quoting <u>Bermingham v. Sony Corp. of Am., Inc.</u>, 820 F.Supp. 834, 856 (D N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]"

As stated in the Court's June 25, 2021 order,

> [I]n light of the reasons proffered, the claims underlying this action, and the current scheduling order in this action, the Court does not find exceptional circumstances requiring appointment of counsel. Specifically, the current deadlines in this action are: (1) an exhaustion motion filing deadline of August 24, 2021; (2) a deadline to amend pleadings of November 24, 2021; (3) a discovery deadline of January 24, 2022; and (4) a dispositive motion filing deadline of April 4, 2022. (ECF No. 76). Given Plaintiff has no knowledge of the extent of his injury or how long it will last, and the current deadlines, the Court finds a more appropriate remedy would be a reasonable extension of any relevant deadline, if the need presents itself in the future.

(ECF No. 88 at 2.) Further, as stated in the Court's July 2, 2021 order,

> Plaintiff contends that his right arm is still non-operational and is in need of counsel to participate in the discovery process. However, as stated in the Court's June 25, 2021 order, given that Plaintiff does not know how long his injury will last and he currently undergoing medical treatment, the Court finds the more appropriate remedy would be to seek a reasonable extension of time, if necessary. Further, it is clear that Plaintiff has assistance by prison staff, and there is no showing that confidential information will be compromised by such assistance. Moreover, the discovery deadline does not expire until January 24, 2022.

(ECF No. 93 at 2.)

In the present motion, Plaintiff seeks reconsideration of the Court's July 2, 2021 order denying his fifth request for appointment of counsel and argues that he has proof that he has sustained an injury to his right hand and is in need of legal assistance to litigate this action. Plaintiff's motion for reconsideration must be denied.

Plaintiff has failed to demonstrate extraordinary circumstances to warrant appointment of counsel in this case. As stated in the prior orders, there are currently no pending deadlines and Plaintiff is currently in the process of being treated for his injury. In addition, it is clear that Plaintiff has assistance by prison staff and other inmates. Plaintiff fails to present facts or law to warrant reconsideration of the prior denial of appointment of counsel in this case as Plaintiff simply repeats most of the same arguments. While the Court is sympathetic to Plaintiff's condition, the test is not

whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not.  Should Plaintiff need additional time to file meet any applicable deadline, he may seek an extension of time prior the deadline.  Accordingly, Plaintiff's motion for reconsideration of the Court's July 2, 2021 order is denied.

IT IS SO ORDERED.

Dated:   **July 26, 2021**

UNITED STATES MAGISTRATE JUDGE