# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>   Plaintiff,<br><br>  v.<br><br>DR. G. UGWUEZE, et al.,<br><br>   Defendants. | Case No.: 1:20-cv-00596-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF No. 103) |

Plaintiff Daronta T. Lewis is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed October 12, 2021.

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v.

Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

A federal court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. See Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).

Here, Plaintiff seeks a preliminary injunction to direct that he be provided immediate medical care to prevent permanent impairments. Plaintiff has not demonstrated he is or will be subject to immediate and irreparable harm if an injunction does not issue. Plaintiff claims generally that he has been denied medical treatment in retaliation for filing grievance. However, Plaintiff has not sufficiently demonstrated that he will suffer actual har, and the exhibits attached to the motion demonstrate that Plaintiff's requests for medical treatment were investigated. See Alliance for the Wild Rockies, 632 F.3d at 1131 ("Under Winter, plaintiff[ ] must establish that irreparable harm is likely, not just possible."); Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."); Rigsby v. State, No.

CV 11-1696-PHX-DGC, 2013 WL 1283778, at *5 (D. Ariz. Mar. 28, 2013) (denying prisoner's TRO based on fear of potential future injury based on past assaults); Chappell v. Stankorb, No. 1:11-CV-01425-LJO, 2012 WL 1413889, at *2 (E.D. Cal. Apr. 23, 2012) (denying injunctive relief where prisoner's claims of injury based on current or future housing decisions were nothing "more than speculative."), report and recommendation adopted, No. 1:11-CV-01425-LJO, 2012 WL 2839816 (E.D. Cal. July 9, 2012). A presently existing actual threat must be shown, even though injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997). To meet Fed. R. Civ. P. 65's "irreparable injury" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. Caribbean Marine Servs. Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). This requires he allege "specific facts in an affidavits or a verified complaint [which] clearly show" a credible threat of "immediate and irreparable injury, loss or damage." Fed R. Civ. P. 65(b)(A). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Id. at 674-75.  Because Plaintiff has not shown irreparable injury his motion for a preliminary injunction should be denied.

      These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 13, 2021**

                                UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28