# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>DR. G. UGWUEZE, et al.,<br><br>Defendants. | Case No. 1:20-cv-00596-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 135) |

Daronta T. Lewis ("Plaintiff"), a state prisoner, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed May 13, 2022.

## I.

## RELEVANT BACKGROUND

This action is proceeding against Defendant Dr. Kokor for retaliation in violation of the First Amendment and deliberate indifference in violation of the Eighth Amendment.

On March 30, 2021, Defendant filed an answer to the complaint.

On May 24, 2021, the Court issued the discovery and scheduling order.

On May 13, 2022, Plaintiff filed the instant motion to compel. Defendant filed an opposition on June 7, 2022. Although the time for a reply has not expired, the Court deems Plaintiff's motion to compel submitted. Local Rule 230(l).

## II.

## LEGAL STANDRD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 76. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

///

///

///

1        However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The
2 discovery process is subject to the overriding limitation of good faith, and callous disregard of
3 discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669
4 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain
5 discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and
6 proportional to the needs of the case, considering the importance of the issues at stake in the
7 action, the amount in controversy, the parties' relative access to relevant information, the parties'
8 resources, the importance of the discovery in resolving the issues, and whether the burden or
9 expense of the proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).
10       Generally, if the responding party objects to a discovery request, the party moving to
11 compel bears the burden of demonstrating why the objections are not justified.  Grabek v.
12 Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012);
13 Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765,
14 at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL
15 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court
16 which discovery requests are the subject of the motion to compel, and, for each disputed
17 response, why the information sought is relevant and why the responding party's objections are
18 not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell,
19 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.  However, the Court is vested with
20 broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled
21 to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve
22 his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir.
23 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett
24 v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### III.
### DISCUSSION

27       Plaintiff has filed a 218 page motion to compel which is difficult to decipher. As best the
28 Court can determine is that Plaintiff is seeking further responses to his requests for admissions

and requests for production of documents served on April 8, 2022. Plaintiff's motion must be denied. Although Plaintiff has attached Defendant's responses to his April 8, 2022 discovery requests, Plaintiff has not individually addressed any particular discovery request, nor demonstrate that any specific response thereto is deficient. Rather, Plaintiff contends that Defendant "inadequately answered the interrogatory basic first set served and responded incompletely." (ECF No. 135 at 2.) "Defendant did not answer whatsoever any of Plaintiff's discovery requests…" (Id. at 4.) However, in seeking to compel further responses, Plaintiff must put Defendant on notice as to the alleged deficiencies of each of the responses. Here, based on the attachments to Plaintiff's motion, Defendants provided timely responses to Plaintiff's requests for admissions and request for interrogatories, and answered in good faith and to the best of their ability where appropriate, and make particularized objections. In addition, Defendant submits that he offered to provide a copy of responsive medical records if Plaintiff signed and returned the provided authorization for the disclosure of medical records. (Declaration of Matthew Roman at ¶ 3, ECF No. 140.) However, as of the June 7, 2022, Plaintiff had not done so. (Id. at ¶ 4.) Plaintiff's vague assertion that he is entitled to further responses to his discovery requests is not sufficient to support the motion to compel. Consequently, Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

Dated:   **June 10, 2022**

UNITED STATES MAGISTRATE JUDGE