UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. G. UGWUEZE, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00596-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION OF APPEAL, MOTION FOR ENTRY OF DEFAULT AND MOTION TO APPEAL DISCOVERY PROCESS<br><br>(ECF Nos. 152, 153, 154) |

Daronta T. Lewis (Plaintiff), a state prisoner, is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's "motion of appeal" for the Court's failure to respond to his most recent motion for appointment of counsel, motion for entry of default, and motion to appeal the discovery process, filed August 3, 2022.

**I.**

**DISCUSSION**

**A.    Motion of Appeal Re: Appointment of Counsel**

Plaintiff contends that the Court has failed to respond to his most recent motion for appointment of counsel. A review of the record reflects that Plaintiff filed his seventh motion for appointment of counsel which was denied on July 22, 2022. (ECF Nos. 145, 146.) The Court's July 22, 2022 order was served on Plaintiff at Kern Valley State Prison, his address of record at that time. (ECF No. 146.) The Court notes that on July 25, 2022, Plaintiff filed a notice of

1

1 change of address. (ECF No. 148.) On August 2, 2022, the Court's July 22, 2022, was returned
2 as undelivered with a notation that it could not be forwarded. Pursuant to Local Rule 182(f),
3 "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other
4 parties of any change of address or telephone number of the attorney or the pro se party. Absent such
5 notice, service of documents at the prior address of the attorney or pro se party shall be fully
6 effective. Separate notice shall be filed and served on all parties in each action in which an
7 appearance has been made." Local Rule 182(f). Because the Court served the July 22, 2022 on
8 Plaintiff's then-current address of record, service was deemed fully effective. However, as a
9 courtesy, the Court will send Plaintiff another copy of the July 22, 2022 order at his current
10 address of record.

### B. Motion for Entry of Default

Plaintiff contends that because Defendants did not file a dispositive motion entry of default is warranted. Plaintiff is mistaken.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Although the Court's discovery and scheduling order set a deadline for the filing of a dispositive motion, neither party was required to file such motion. In addition, Defendant responded to Plaintiff's complaint by filing an answer on March 30, 2021 and demanded a trial by jury. (ECF No. 67.) Indeed, the trial will be scheduled in due course. Accordingly, there is no basis to enter default.

///

1       **C.     Motion to Appeal Discovery Process**

2         Plaintiff contends that the Court and defense counsel declared all of Plaintiff's discovery

3 motions to be "non-understandable." (ECF No. 152 at 1.) The Court construes Plaintiff's

4 motion as a motion for reconsideration of the Court's June 10, 2022 order denying Plaintiff's

5 motion to compel. (ECF No. 141.)

6         Reconsideration motions are committed to the discretion of the trial court. Rodgers v.

7 Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d

8 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a

9 strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare

10 Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and

11 rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). Further, " '[a] party seeking

12 reconsideration must show more than a disagreement with the Court's decision, and

13 'recapitulation…'" of that which was already considered by the court in rendering its decision.

14 U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quoting

15 Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D N.J. 1992)). Similarly, Local

16 Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or

17 circumstances are claimed to exist which did not exist or were not shown upon such prior

18 motion, or what other grounds exist for the motion[.]"

19         In the Court's June 10, 2022 order, the Court stated in pertinent part:

20
> Plaintiff has filed a 218 page motion to compel which is difficult to decipher. As best the Court can determine is that Plaintiff is seeking further responses to his requests for admissions and requests for production of documents served on April 8, 2022. Plaintiff's motion must be denied. Although Plaintiff has attached Defendant's responses to his April 8, 2022 discovery requests, Plaintiff has not individually addressed any particular discovery request, nor demonstrate that any specific response thereto is deficient. Rather, Plaintiff contends that Defendant "inadequately answered the interrogatory basic first set served and responded incompletely." (ECF No. 135 at 2.) "Defendant did not answer whatsoever any of Plaintiff's discovery requests…" (Id. at 4.) However, in seeking to compel further responses, Plaintiff must put Defendant on notice as to the alleged deficiencies of each of the responses. Here, based on the attachments to Plaintiff's motion, Defendants provided timely responses to Plaintiff's requests for admissions and request for interrogatories, and answered in good faith and to the best of their ability where appropriate, and make particularized objections. In addition, Defendant submits

> that he offered to provide a copy of responsive medical records if Plaintiff signed and returned the provided authorization for the disclosure of medical records. (Declaration of Matthew Roman at ¶ 3, ECF No. 140.) However, as of the June 7, 2022, Plaintiff had not done so. (Id. at ¶ 4.) Plaintiff's vague assertion that he is entitled to further responses to his discovery requests is not sufficient to support the motion to compel. Consequently, Plaintiff's motion to compel must be denied.

(ECF No. 141 at 3-4.)

In the present motion, Plaintiff simply expresses his disagreement with the Court's June 10, 2022, order which is not grounds for reconsideration. Reconsideration is not a vehicle by which to obtain a second, or third, bite at the apple; it is reserved for extraordinary circumstances. Westlands Water Dist., 134 F.Supp.2d at 1131; see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir.1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices). Accordingly, Plaintiff's motion for reconsideration of the Court's June 10, 2022 order shall be denied. Should Plaintiff seek further review by a higher court, he is free to do so, but must do so within the requirements of jurisdiction of those higher courts. However, Plaintiff is advised that the filing of a notice of appeal based on the denial of his motion to compel discovery does not divest this Court of jurisdiction to continue to proceed with the case. See Matter of Combined Metals Reduction Co., 557 F.2d 179, 188 (9th Cir. 1977)(" 'Absent the grant of a stay or injunction ..., the *status quo* of the litigation is not fixed and the litigation is free to continue. Thus a party who chooses to appeal but who fails to obtain a stay or injunction pending appeal risks losing its ability to realize the benefit of a successful appeal.' ") (citation omitted); see also Nascimento v. Dummer, 508 F.3d 905, 909 (9th Cir. 2007); Ruby v. Sec'y of U.S. Navy, 365 F.2d 385, 389 (9th Cir. 1966) ("Where deficiency in the notice of appeal, by reason of ... reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.")

///
///
///

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion of appeal relating to the denial of appointment of counsel (ECF No. 153) is denied;
2. Plaintiff's motion for entry of default (ECF No. 154) is denied; and
3. Plaintiff's motion of appeal (ECF No. 152) construed as a motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: **August 9, 2022**

UNITED STATES MAGISTRATE JUDGE