1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10   DARONTA T. LEWIS, | Case No. 1:20-cv-00596-SAB (PC) |
| 11         Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO MODIFY THE SCHEDULING |
| 12      v. | ORDER |
| 13   DR. KOKOR, | (ECF No. 163) |
| 14         Defendant. | |

15

16      Plaintiff Daronta T. Lewis is proceeding pro se and in forma pauperis in this civil rights

17  action filed pursuant to 42 U.S.C. § 1983.  This case is currently set for jury trial on December

18  13, 2022.

19      Currently before the Court is Defendant's motion to modify the scheduling order, filed

20  September 27, 2022.  Defendant submits that a related case filed by Plaintiff is currently set for a

21  settlement conference on October 27, 2022.  See Lewis v. Velasquez-Miranda et al., 2:21-cv-

22  00932-DAD-EFB (PC), Doc. No. 89.   Defendant also requests that the Court modify its

23  scheduling order and extend the deadline to prepare a dispositive motion.  Defendant's motion

24  shall be denied.

25      Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's

26  consent." Fed. R. Civ. P. 16(b)(4). Within this context, good cause is measured by the diligence

27  of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609

28  (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the

1  modification might supply additional reasons to deny a motion, the focus of the inquiry is upon

2  the moving party's reasons for seeking modification." Id. at 609.

3      Defendant has failed to demonstrate due diligence in seeking the current extension of

4  time.  This case was set for jury trial on August 10, 2022-the same date the settlement conference

5  was scheduled in Plaintiff's related case.  See ECF No. 157; see also Lewis v. Velasquez-

6  Miranda et al., 2:21-cv-00932-DAD-EFB (PC), Doc. No. 89.  Thus, Defendant has known since

7  August 2022, of both the trial date and settlement conference date, and there is no showing of

8  due diligence in seeking the current extension.  Further, the deadline to file a dispositive motion

9  in this case expired on July 5, 2022, and although Defendant's counsel contends that in preparing

10  for settlement evaluation and trial he discovered several sets of medical records, counsel entered

11  this case in February 2022 well in advance of the dispositive motion deadline.  Defendant

12  has failed to show that the July 5, 2022, dispositive motion deadline could not have been met

13  despite Defendant's diligence, and the Court must proceed with all cases in an orderly and timely

14  fashion.  See Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J.

15  1990) (Rule 16(b) sets forth a "careful scheme of reasonable framing and enforcement of

16  scheduling orders for case management" to ensure that cases proceed in an orderly, predictable,

17  and efficient manner.); see also C.F. v. Capistrano Unified Sch. Dist., 656 F. Supp. 2d 1190,

18  1197 (C.D. Cal. 2009) ("Rule 16(b) was added to the Federal Rules of Civil Procedure in order

19  to facilitate judicial control over a case and to set a schedule for pretrial steps.").  That said,

20  Defendant is free to request that the settlement conference be advanced in Plaintiff's related case.

21  However, for the reasons explained, Defendant's motion to modify the scheduling order filed on

22  September 27, 2022, is DENIED.

23

24  IT IS SO ORDERED.

25  Dated:   **September 28, 2022**                    _____
                                         UNITED STATES MAGISTRATE JUDGE

26

27

28

2