# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. KOKOR,<br><br>    Defendant. | Case No. 1:20-cv-00596-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF WITNESSES AT TRIAL<br><br>(ECF No. 131) |

Plaintiff Daronta T. Lewis is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case is currently set for jury trial on December 13, 2022.

Currently before the Court is Plaintiff's motion for the attendance of witnesses at trial, filed on September 13, 2022.

**I.**

**DISCUSSION**

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of transportation and security, and (4) whether the suit can be stayed until the

1  inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717
2  F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.
3  1994) (district court did not abuse its discretion when it concluded the inconvenience and
4  expense of transporting inmate witness outweighed any benefit he could provide where the
5  importance of the witness's testimony could not be determined), abrogated on other grounds
6  by Sandin v. Conner, 515 U.S. 472 (1995).

7  Plaintiff seeks the attendance of Registered Nurse F. Soto, Registered Nurse Lopez,
8  transport officers Johnson and J. Jimenez, and inmate Donald McKnight (CDCR No. AM6654).
9  Plaintiff's motion must be denied.

10  **A.  Unincarcerated Witnesses**

11  The Court's August 10, 2022 order, provided the requirements to obtain the attendance of
12  unincarcerated witnesses. (ECF No. 157 at 8-9.) Plaintiff is advised that it is his responsibility to
13  secure the attendance of any unincarcerated individuals who wish to testify voluntarily or refuse
14  to testify voluntarily pursuant to the procedures set forth in Rule 45 of the Federal Rules of Civil
15  Procedure.  Plaintiff identifies four witnesses he wishes to call for trial. Neither witness is
16  incarcerated nor appears to be present voluntarily.

17  As pointed out in this court's scheduling order, a party seeking to compel the attendance
18  of a witness for trial must deposit fees for the witness in advance of the court subpoenaing them.
19  (Doc. No. 157 at 8-9.) That fee encompasses the $40.00 daily witness fee plus the costs of the
20  witness's  travel to and from the courthouse. 28 U.S.C. § 1821. The current mileage
21  reimbursement rate is set at $0.625 per mile.1 The round-trip distance witnesses Soto, Lopez,
22  Johnson and Jimenez to travel from California Substance Abuse Treatment Facility and State
23  Prison-Corcoran to the Fresno federal courthouse is 54 miles.  At .0625 cents per mile
24  reimbursement rate, the cost to subpoena these witnesses would be $33.75 plus the $40.00 daily
25  witness fee for a total of $73.75.  No statute authorizes the use of public funds to cover these
26  payments and plaintiff's in forma pauperis status does not obviate his need to pay them. For
27  each witness, Plaintiff must submit a money order made payable to the witness for the amounts
28  listed above. The subpoenas will not issue subpoenas absent payment in full.

B.     **Incarcerated Witness**

Plaintiff seeks the attendance of inmate witness Donald McKnight (CDCR No. AM6654). In support of his request, Plaintiff submits the declaration of Mr. McKnight who declares as follows:

> I do hereby declare under Title II of the Americans With Disabilities Act section 504 of Rehabilitation Act of 1973 discrimination of handicap/disabled persons clear, safe passage access and unhindered range of motion. That it is a violation issue in E-Facility medical care office of Dr. F Ko-MD, I who is an American with disability, use wheelchair or walker and have experienced unsafe clutter, space constriction, unsafe turning-non safe range of motion into and out of E-Facility hazardous doctor's office, for handicap-physically challenged inmates in wheelchairs, walkers, cane. I witness handicap wheelchair inmates "poke halfway out"-into hallway of cramped medical hallway, hazardous to inmates on crutches, cane, casts, walkers, leg braces, wheelchairs, or in the way of medical gurney, stretcher medical emergency path-delaying help response to heart attacks, seizures, stab[b]ed injured, assaulted, victims or staff. I witness the registered nurses: Ms. Price, Roman, Fenn, Powell, Brown, failed owed duty to report ADA-hazard to Warden Sherman, or ADA-civil division. Do to nothing been changed at all. These registered nurses have daily visuals of hazards to safety and security of ADA patient inmates and fail duty owed to report Dr. F. Ko-MD and Warden Sherman, A.W. Brightwell, ADA Warden, thereby contributing to ADA hazardous violations.

(Declaration of Donald Knight, ECF No. 161 at 21.)

First, Inmate Knights' observations of ADA compliance issues is not relevant to Plaintiff's retaliation or deliberate indifference claims against Dr. Kokor steming from the denial of narcotic pain medications. Second, Inmate McKnight was not an eyewitness or earwitness to any alleged treatment by Dr. Kokor. His knowledge stems from observations of events apart from the incident at issue in this case. Inmate McKnight's declaration is too vague and insufficient to show that the witness has actual firsthand knowledge of the relevant facts of the incident. Therefore, the Court will deny Plaintiff's request for Inmate Lemons' attendance.

IT IS SO ORDERED.

Dated:   **October 11, 2022**

UNITED STATES MAGISTRATE JUDGE