UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS,<br><br>           Plaintiff,<br><br>     v.<br><br>DR. KOKOR,<br><br>           Defendants. | Case No. 1:20-cv-00596-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT<br><br>(ECF No. 186). |

Daronta Tyrone Lewis is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 27, 2022, this case settled as part of a global settlement.[1] (*See* ECF No. 179). On December 1, 2022, the parties filed a joint stipulation for dismissal. (ECF No. 184). On December 5, 2022, the case was closed. (ECF No. 185).[2]

On May 8, 2023, Plaintiff filed a motion to enforce the settlement agreement and for sanctions. (ECF No. 186). Plaintiff alleges that payment was not received pursuant to the contract terms. According to Defendant's opposition, "[t]he release and settlement agreement specifically provided that settlement payment would be processed within 180 days after Plaintiff provided the

---

[1] The settlement conference was held before the undersigned.

[2] The parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 149, 150, 155)

1

signed release and other settlement documents." (ECF No. 188, p. 2). The declaration of Defendant's counsel states that "[t]he settlement coordinator returned the signed documents on November 14, 2022. The settlement coordinator indicated that Plaintiff had signed the documents that morning." (ECF No. 188-1, p. 2). On May 22, 2023, Defendant's counsel "received an e-mail indicating that the settlement payments were paid on May 11, 2023." (*Id.*) Plaintiff's response nonetheless asserts a claim for breach of contract and asks for sanctions. (ECF No. 189). Plaintiff contends that the settlement payments were late because they should have been made 180-days out from the date of the settlement conference. (*Id.*, p. 2).

The Court will deny Plaintiff's motion. Federal courts do not ordinarily retain jurisdiction to enforce settlement agreements. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) ("Enforcement of the settlement agreement, however whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."); *Alavaradov. Table Mountain Racnheria*, 509 F.3d 1008, 1017 (9th Cir. 2007) ("Specifically, a federal court has jurisdiction to enforce a settlement agreement in a dismissed case when the dismissal order incorporates the settlement terms, or the court has retained jurisdiction over the settlement contract."). Although it is possible to do so, the order dismissing this case did not retain jurisdiction over the parties' settlement agreement. (*See* ECF No. 185).

Moreover, the Court has received confirmation that payment has now been made pursuant to the deadline established by the parties' release and settlement agreement.

Accordingly, IT IS ORDERED that Plaintiff's motion to enforce settlement and request for sanctions (ECF No. 186) is DENIED.
IT IS SO ORDERED.

Dated: **July 13, 2023**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

2